UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE MARTINEZ,

Plaintiff,

v. Case No. 6:26-cv-690-CEM-CAB

SOUTH COLLEGE ET AL.,

Defendants.

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court on *pro se* Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 12) (the "IFP Motion"), which the undersigned construes as a motion to proceed *in forma pauperis*. Upon consideration, the undersigned respectfully recommends that Plaintiff's IFP Motion be denied without prejudice. Moreover, the undersigned further recommends that the Court dismiss Plaintiff's Amended Complaint without prejudice due to its shotgun pleading deficiencies and grant Plaintiff further leave to amend his Complaint.

**I. Background**

Plaintiff initiated the present action by filing a Complaint with the Court on April 1, 2026, broadly asserting claims against Defendants South College, Beth Leahy, Claudine Bentham, Keturah Corneille, Larrinn Bay, and Mia Thomas-Wolfe (collectively "Defendants") for alleged violations of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act. (Doc. 1) (the "original

Complaint"). In his Amended Complaint, Plaintiff alleges that he was formerly enrolled in Defendant South College's nursing program but was ultimately forced to withdraw before completing the program as a result of the actions of the remaining Defendant administrators and South College faculty members. (*See generally* Doc. 9) (the "Amended Complaint"). On April 1, 2026, simultaneous with the filing of his original Complaint, Plaintiff additionally filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) (the "original IFP Motion"), which was subsequently construed by the Court as a motion to proceed *in forma pauperis*. (*See* Doc. 7).

Several months later, on July 22, 2026, a Report and Recommendation was issued by Magistrate Judge Daniel C. Irick which recommended that: (1) Plaintiff's original IFP Motion be denied without prejudice; and (2) Plaintiff's original Complaint likewise be denied for shotgun pleading defects. (*Id.* at 1; 5). While finding Plaintiff to qualify as a pauper, Judge Irick ultimately determined that Plaintiff's original Complaint was an impermissible shotgun pleading as described by the Eleventh Circuit in *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). (Doc. 7 at 3). Specifically, Judge Irick found Plaintiff's original Complaint to constitute: (1) the first type of shotgun pleading discussed in *Weiland* in that the original Complaint incorporated all preceding paragraphs for each count; and (2) the fourth type of shotgun pleading noted in *Weiland* in that Plaintiff levied a series of allegations against "Defendants" collectively without clearly differentiating the alleged actions of each individual Defendant. (*Id.* at 4).

Less than one month later, on August 12, 2026, Plaintiff filed his first Amended Complaint. (Doc. 9). On October 27, 2026, this Court then adopted the Report and Recommendation of Judge Irick, denying Plaintiff's original IFP Motion without prejudice and dismissing Plaintiff's original Complaint, also without prejudice. (Doc. 11). The Court further determined Plaintiff's Amended Complaint to be properly filed and further instructed Plaintiff to file a renewed motion to proceed *in forma pauperis* on or before November 17, 2026. (*Id.*). Plaintiff timely did so on November 9, 2026. (Doc. 12).

## II. Standard

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*.

Additionally, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. Pro. 8(a)(2)). The plaintiff must also allege his or her claims in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for

clarity. *See* Fed. R. Civ. Pro. 10. Although "[t]he pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney . . . a *pro se* litigant must still meet minimal pleading standards." *Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995); *see also GJR Invs., Inc. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants" such leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal citations omitted).

Moreover, the Court "has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A.*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

The 11th Circuit has identified four general categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the

> allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. ***The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.***

*Weiland*, 792 F.3d at 1321–23 (emphasis added). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."); *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1986) (characterizing as a "shotgun pleading" a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested).

## III. Discussion

In his renewed IFP Motion, Plaintiff once again seeks to proceed *in forma pauperis* in the present action brought against Defendants for alleged violations of the ADA and Section 504 of the Rehabilitation Act. Upon review of Plaintiff's IFP

Motion, the undersigned concludes that Plaintiff qualifies as a pauper and would otherwise be entitled to proceed without paying the filing fee, if not for the manifest pleading deficiencies in his Amended Complaint identified below. The undersigned is satisfied based on Plaintiff's IFP Motion representations that his total monthly income only marginally exceeds his total monthly expenditures, and that he possesses few assets. (*See* Doc. 12). The undersigned nevertheless recommends that the Court find that Plaintiff's Amended Complaint is defective for constituting at least the third and fourth types of shotgun pleadings outlined by the Eleventh Circuit in *Weiland*, and that both his Amended Complaint as well as his IFP Motion accordingly be dismissed without prejudice for such reasons.

First, the undersigned finds that Plaintiff's Amended Complaint constitutes a shotgun pleading for reason that it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23; *see also Anderson v. Dist. Bd. of Trs. Of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading). As currently pleaded, Plaintiff's Amended Complaint asserts two claims against Defendants: (1) Count I, entitled "Disability Discrimination and Failure to Provide Reasonable Accommodations (ADA and Section 504)"; and (2) Count II, entitled "Retaliation (ADA and Section 504)." (Doc. 9 at 9–10). The undersigned finds both counts to be similarly defective in that each respective count impermissibly combines two distinct causes of action—one arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and

the other under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794—within a single count. Plaintiff's pleading thus fails to provide "sufficient clarity to enable [Defendants] to frame a [responsive] pleading" of their own. *Sledge*, 275 F.3d at 1018 n.8.

Moreover, Plaintiff's Amended Complaint once again commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. For example, although six Defendants are named in the caption and "Parties" section of the Amended Complaint, only Defendant South College is explicitly named in either of the counts. (*See* Doc. 9 at 9–10). As a result, Defendants and the Court are unable to determine to what extent, if at all, either of the respective counts of the Amended Complaint pertain to Defendants Beth Leahy, Claudine Bentham, Keturah Corneille, Larrinn Bay, or Mia Thomas-Wolfe, collectively or as individuals. *See Weiland*, 792 F.3d at 1323. The undersigned thus respectfully recommends that Plaintiff's IFP Motion be denied without prejudice, and that Plaintiff's Amended Complaint likewise be dismissed without prejudice.

In general, a *pro se* party should be given "at least" one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam). Although Plaintiff has already received one such opportunity, he may be able to cure the remaining deficiencies through further amendment. The undersigned thus respectfully

recommends that the Court grant Plaintiff leave to amend within a time period set by the Court.

## IV. Conclusion

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY WITHOUT PREJUDICE** Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 12);
2. **DISMISS WITHOUT PREJUDICE** Plaintiff's first Amended Complaint (Doc. 9);
3. **PERMIT** Plaintiff to file an amended complaint, within a timeframe established by the Court; and
4. **ADVISE** Plaintiff that a failure to timely file an amended complaint by a date to be established by the Court could result in the closure of Plaintiff's case without further notice.

## NOTICE TO PARTIES

A party has **fourteen days** from the date the party is served a copy of this Report to file written objections to this Report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 17, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties